**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4534

FRANK JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-98-885)

Submitted: March 20, 2000

Decided: April 4, 2000

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert E. Lee, MCINTOSH & LEE, Florence, South Carolina; Debra
O. Jackson, Florence, South Carolina, for Appellant. J. Rene Josey,
United States Attorney, William E. Day, II, Assistant United States
Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frank Jones appeals his conviction and sentence on one count of mail fraud and attempt to commit mail fraud in violation of 18 U.S.C. §§ 1341, 2 (1994). On appeal, he contends that the district court erred by admitting polygraph evidence and by admitting evidence of Jones' sexual conduct with his employees. Finding no reversible error, we affirm.

Jones was mayor of the Town of Sellers, South Carolina. The evidence established that Jones arranged for town employees to be paid for hours they did not work. The employees then gave the money earned for those hours to Jones. At trial, there was testimony that Jones told an employee involved in the scheme to refuse to take a polygraph test if federal investigators asked her to take one. There was also evidence that Jones told another town employee that he would take a polygraph test and tell investigators that he was not aware of an incriminating letter. Furthermore, there was evidence that Jones abused his position by engaging in sexual misconduct in exchange for favors and loans.

A district court's evidentiary rulings are reviewed for abuse of discretion. See United States v. Ruhe, 191 F.3d 376, 387-88 (4th Cir. 1999). We find that the court did not abuse its discretion in admitting Jones' statements regarding polygraph tests. The results of a polygraph test are generally not admissible. See id. ; but see United States v. A & S Council Oil Co., 947 F.2d 1128, 1134-35 (4th Cir. 1991) (evidence of the results of a polygraph test were admissible to uncover the basis for an expert's opinion). Here, however, Jones' statements were clearly evidence of his consciousness of guilt. Moreover, the statements did not involve the results of a polygraph test, or allow for an inference of the results of a polygraph test. In addition, the statements were not used to impeach or bolster the credibility of a witness.

We also find that the district court did not abuse its discretion by admitting evidence of Jones' sexual misconduct with female town employees. Evidence of other acts "is not admissible to prove the character of the person." See Fed. R. Evid. 404(b). Such evidence is admissible, however, to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Rule 404(b) is a rule of inclusion. See United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996). Evidence is admissible under Rule 404(b) if it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988) (footnotes omitted). Admissible evidence must be excluded if the "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

The evidence of Jones' sexual misconduct was relevant to Jones' intent to commit mail fraud because it showed his abuse of authority. The evidence was necessary because it established the context within which Jones' unlawful conduct occurred. See Aramony, 88 F.3d at 1378 (evidence that defendant charged with fraud used position to provide an advantage when making sexual advances to employees was necessary). The evidence was reliable. It was based upon the testimony of witnesses who were subjected to Jones' conduct, and the evidence was "not so preposterous that it could not be believed by a rational and properly instructed juror." Id. at 1378.

In addition, the probative value of the evidence was not outweighed by unfair prejudice. The court gave the jury a limiting instruction on the evidence. Furthermore, the nature of the evidence was not so offensive as to "create a genuine risk that the emotions of the jury would be excited to irrational behavior." Aramony, 88 F.3d at 1378.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3